**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

**Civil Action No. 12-cv-00760-MSK-CBS**

**SHEPARD JOHNSON,**

        **Plaintiff,**

**v.**

**MARTHA THOMAS,**

        **Defendant.**

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION**
**FOR RECONSIDERATION AND VACATING SEPTEMBER 7, 2012 ORDER**

**THIS MATTER** comes before the Court on the Plaintiff Shepard Johnson's Motion and Declaration for Reconsideration **(#28)** of the Court's September 7, 2012 Order **(#26)**, dismissing Mr. Johnson's claims. The Defendant, Martha Thomas, is deceased. Her former attorney filed a Response **(#30)**, and Mr. Johnson replied **(#37)**.

Because the Court's September 7, 2012 Order did not contain a recitation of facts, a brief chronology of the pertinent events is helpful. Mr. Johnson, a *pro se* plaintiff, initiated this action against several defendants in the Eastern District of California. In 2012, his claims against Ms. Thomas were severed and transferred to this Court **(#1, 3)**. A few months later, Ms. Thomas passed away. On June 4, 2012, Ms. Thomas's attorney, Peter Dusbabek, filed a Suggestion of Death (SOD) **(#18)** with the Court, informing the Court and Mr. Johnson that Ms. Thomas had passed. Attached to the SOD was a copy of Ms. Thomas's death certificate, as well as a Certificate of Mailing, which certified that the document had been electronically filed with the Court.

1

Subsequently, on September 6, 2012, Mr. Dusbabek filed a Motion to Dismiss **(#24)** the action.  He argued, apparently on behalf of the deceased defendant, that the Court must dismiss the action under Fed. R. Civ. P. 25(a)(1) because Mr. Johnson had failed to move for substitution of the proper party within 90 days after he being served with the SOD.  The Court granted **(#26)** the motion to dismiss the next day, and the case was closed.

Mr. Johnson seeks relief from the Court's September 7, 2012 Order **(#26)**.  He argues that the Court prematurely dismissed the action under Rule 25 because the SOD was not properly served on Ms. Thomas's successors or representatives.  Thus, he argues, he argues, the 90-day time limit imposed by Rule 25 never began to run.[1]

Upon reconsideration, the Court finds that the September 7, 2012 Order must be vacated. Rule 25(a)(1) provides that, after a party dies, a motion for substitution may be made by "any party or by the decedent's successor or representative."   The rule further provides that if such motion is not made within 90 days after service of a "statement noting death," the action must be dismissed.  Subsection (3) requires that a statement noting death be "served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4."  The Tenth Circuit has interpreted Rule 25 to require service on the successors or representatives of the deceased party's estate in accordance with Rule 4.  *See Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990).  The 90-day limitation period does not begin to run until proper service has been made.  *Id.*

Here, there is no evidence to establish that the SOD was properly served on Ms. Thomas's personal representatives or successors. The Certificate of Filing attached to the SOD states only that it was electronically filed with the Court, and that the filing system will send

---

[1] Mr. Johnson also argues that the Court ruled on the motion to dismiss before he was served a copy of the motion or given an opportunity to respond.  His argument on this point is irrelevant for purposes of resolving this motion.  However, the Court notes that the Local Rules provide that it may rule on a motion at any time after it is filed. D.C.Colo.LCivR 7.1.

notification for to Mr. Johnson. Because proper service was not made, the 90-day limitation period did not begin to run against Mr. Johnson. Thus, upon reconsideration, the Court finds that the action was prematurely dismissed, and the September 7, 2012 Order must be vacated.

Mr. Johnson's Motion and Declaration for Reconsideration **(#28)** is **GRANTED**. The Court's September 7, 2012 Order **(#26)** is hereby **VACATED**. The Clerk of Court is directed to reopen this case. Because it appears that Mr. Johnson is aware of the identity of the deceased's personal representative, the service requirement of the suggestion of death is waived. Mr. Johnson shall have 90 days from the date of this Order to properly file a motion for substitution of the proper party, in accordance with Rule 25. If Mr. Johnson fails to file such motion, his claims shall be dismissed with prejudice, and the Clerk of Court will close the case.

Also pending before the Court is Mr. Johnson's Request and Declaration for the Court to Allow Plaintiff 14 Days to File Reply **(#34)**. That motion is **DENIED AS MOOT**.

Dated this 20th day of August, 2013.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge